UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EMILE JOSEPH,                                    Case No. 25-CV-0893 (PJS/DLM)

            Plaintiff,

v.                                               ORDER

BANK OF AMERICA, N.A.; BANK OF
AMERICA AUTO TRUST 2023-I; RUDY
LUTHER HOPKINS HONDA;
ASSURANT RA/AWS GAP; and 11TH
HOUR RECOVERY,

            Defendants.

Emile Joseph, pro se.

Adam Gregory Chandler and Mark G. Schroeder, TAFT STETTINIUS &
HOLLISTER LLP, for defendants Bank of America, N.A and Bank of
America Auto Trust 2023-I.

Eric J. Steinhoff and Stuart D. Campbell, LIND, JENSEN, SULLIVAN &
PETERSON, P.A., for defendant Rudy Luther Hopkins Honda.

Madison Fernandez, DORSEY & WHITNEY LLP, and Michael J. Steinlage,
LARSON KING, LLP, for defendant Assurant RA/AWS GAP.

Jacob B. Sellers and Jeffrey D. Smith, GREENSTEIN SELLERS PLLC, for
defendant 11th Hour Recovery.

Plaintiff Emile Joseph brings this ten-count federal action against five defendants

who, he alleges, were involved in one way or another in repossessing his Honda

Accord.  This matter is before the Court on Joseph's objection to the January 16, 2026

Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko.  ECF

Nos. 112, 113. Judge Micko recommends granting the motions to dismiss filed by defendants Bank of America, N.A.[1] [ECF No. 74], Rudy Luther Hopkins Honda [ECF No. 81], Assurant RA/AWS GAP [ECF No. 86], and 11th Hour Recovery [ECF No. 94], and dismissing Joseph's first amended complaint ("FAC") [ECF No. 72] without prejudice. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Joseph's objection and adopts the R&R, except that the Court dismisses the federal claims with prejudice and the state claims without prejudice.

The Court disagrees with Joseph that Judge Micko "overlook[ed] the totality of factual detail and supporting exhibits" in the FAC. ECF No. 113 at 3. In support of his argument, Joseph directs the Court to "supporting exhibits" and "[a]n expert affidavit and exhibits detailing the sale of [Joseph's] loan into a trust structure," but the record does not contain any expert affidavit or exhibit regarding the sale of Joseph's loan into a trust structure. The only supporting exhibits that Joseph has filed, *see* ECF Nos. 34, 71, are public records regarding Bank of America's securitization practices. Those records do not in any way suggest that Bank of America violated the law, which is not surprising. After all, securitization of loans is both legal and common, and any

---

[1]In its motion to dismiss, Bank of America states that Bank of America Auto Trust 2023-1 is not a proper entity. *See* ECF No. 74 n.1.

securitization of Joseph's loan would not have affected the amounts he owed or the due dates of his payments.

The Court also disagrees with Joseph that Judge Micko overlooked the FAC's "[a]llegations of unauthorized repossession" in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* ECF No. 113 at 3. Far from overlooking these allegations, Judge Micko explains that Joseph's FDCPA claim fails because Bank of America does not meet the statutory definition of a debt collector and that Joseph's TILA claim fails because it is time-barred. ECF No. 112 at 8–11, 12–13.

Joseph also argues that the Court must consider "[s]pecific factual references to auto loan securitization, contract breaches, and the false reporting of balances not owed" and "[c]ited evidence of conflicting ownership and servicing claims against defendants." ECF No. 113 at 3. Joseph's characterization of the Court's obligation is basically correct, but Judge Micko fulfilled that obligation by considering all non-conclusory factual allegations in the FAC. *E.g.*, ECF No. 112 at 10, 13, 14–16.

Finally, Joseph objects that, as a pro se litigant, he is entitled to a liberal construction of the FAC—and Joseph argues that, because he is a pro se litigant, he should be given leave to file a second amended complaint ("SAC"). ECF No. 113 at

4–5.[2] But Judge Micko explicitly acknowledged Joseph's pro se status and construed the FAC liberally. ECF No. 112 at 7–8. Moreover, Joseph did not follow this District's local rules in seeking leave to amend his complaint a second time, which alone justifies denying his request.[3] *See O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules." (citation omitted)). More importantly, Joseph's objection does not identify a single material fact that he failed to plead in the FAC but that he could plead in a new SAC. Because Joseph has had the opportunity to file two complaints—and because Joseph fails to explain how a third complaint would fix the problems with the prior two complaints—the Court dismisses Joseph's federal claims with prejudice.

In the Eighth Circuit, a district court must decline to exercise supplemental jurisdiction over state-law claims when all claims over which the court has original jurisdiction have been dismissed prior to trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). Because the Court has dismissed all of Joseph's federal

---

[2]Joseph filed a separate "motion for leave to amend if necessary," *see* ECF No. 114, that is identical to his objection. The Court therefore denies this motion as moot.

[3]Specifically, Joseph did not include a copy of his proposed complaint or a version showing the differences between the FAC and the proposed SAC as required by D. Minn. L.R. 15.1.

claims, the Court declines to exercise supplemental jurisdiction over his state claims. Those claims are dismissed without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Joseph's objection [ECF No. 113] and ADOPTS the January 16, 2026 Report and Recommendation [ECF No. 112], except as described above.  IT IS HEREBY ORDERED THAT:

1.   The motions to dismiss filed by defendants Bank of America, N.A. [ECF No. 74], Rudy Luther Hopkins Honda [ECF No. 81], Assurant RA/AWS GAP [ECF No. 86], and 11th Hour Recovery [ECF No. 94] are GRANTED.

2.   The federal claims in Joseph's first amended complaint [ECF No. 72] are DISMISSED WITH PREJUDICE.  The state claims are DISMISSED WITHOUT PREJUDICE.

3.   Plaintiff's motion to alter/amend/supplement pleadings if necessary [ECF No. 114] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 6, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court